

FILED

OCT 0 2 2015

Clerk, U.S. District Court
Texas Eastern

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| DAVID E. MACK<br>*Plaintiff,*<br><br>vs<br><br>GC SERVICES LP<br>*Defendant.* | Case No 4:15cv679<br><br>Judge Ron Clark<br><br>TRIAL BY JURY DEMANDED |

## COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227

### JURISDICTION

1. This court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C §1331.

2. All conditions precedent to the bringing of this action have been performed.

### PARTIES

3. The Plaintiff in this lawsuit is David E. Mack, a natural person, who resides in Collin County, Texas.

4. The Defendant in this lawsuit is GC Services LP (GCS), which is a debt collection company with offices at 6330 Gulfton Street #303, Houston, Texas 77081.

### VENUE

5. The occurrences which give rise to this action occurred in Collin County, Texas and Plaintiff resides in Collin County, Texas.

6. Venue is proper in the Eastern District of Texas Sherman Division.

## FACTUAL ALLEGATIONS

7. On or about December 4, 2013 GCS made the first of 21 calls to Plaintiff's wireless phone number **901-605-6956** from phone number 800-846-6406. Upon information and belief said number is used by GCS in its debt collection operations.

8. GCS made **at least 21 individual calls** to Plaintiff's wireless phone beginning December 4, 2013 and continuing through June 5, 2014 using ATDS capable equipment.

9. The calls made to Plaintiff's wireless phone were not for an emergency purpose and were made without consent to do so, express or otherwise, of the Plaintiff having been given at any time.

10. The calls from the Defendant to Plaintiff's wireless phone number 901-605-6956 occurred on the following dates and times:

    1) December 4, 2013 at 8:46 PM;
    2) December 6, 2013 at 1:36 PM;
    3) December 11, 2013 at 3:16 PM;
    4) December 23, 2013 at 5:33 PM;
    5) January 6, 2014 at 3:52 PM;
    6) January 21, 2014 at 10:22 AM;
    7) January 29, 2014 at 8:11 PM;
    8) February 5, 2014 at 6:01 PM;
    9) February 12, 2014 at 7:41 PM;
    10) February 19, 2014 at 6:09 PM;
    11) February 26, 2014 at 5:08 PM;
    12) March 5, 2014 at 7:08 PM;
    13) March 12, 2014 at 5:23 PM;
    14) March 26, 2014 at 5:33 PM;
    15) April 3, 2014 at 12:47 PM;
    16) May 1, 2014 at 5:48 PM;
    17) May 8, 2014 at 2:30 PM;
    18) May 15, 2014 at 2:51 PM;
    19) May 22, 2014 at 1:46 PM;
    20) May 29, 2014 at 12:53 PM;
    21) June 5, 2014 at 12:24 PM.

11. Further, on the several occasions when Plaintiff would answer Defendant's calls Defendant would not say anything and there would be only dead air.

12. On at least one occasion when Plaintiff answered Defendant's calls he stated "quit calling this number" or "quit calling this phone" but there was only dead air and it disconnected the call.

13. Plaintiff at or near the time each of the calls was placed to his wireless phone by the Defendant made handwritten notes of all call details including but not limited to the date, time, whether he answered the call and what was said by the caller, if anything, what he said or whether a voicemail message was left.

14. Upon information and good-faith belief, the telephone calls identified above were placed to Plaintiff's wireless phone number using an automatic telephone dialing system (ATDS) as defined by the Federal Communications Commission (FCC).

15. Upon information and belief, Defendant placed the calls to the Plaintiff identified above voluntarily.

16. Upon information and belief, Defendant placed the calls to the Plaintiff identified above under its own free will.

17. Upon information and belief, the Defendant had knowledge that it was using an automatic telephone dialing system to place each of the telephone calls identified above.

18. Upon information and belief, Defendant intended to use an automatic telephone dialing system to place each of the telephone calls identified above.

19. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless telephone number.

20. This complaint is brought within the statute of limitations pursuant to 47 U.S.C. § 227.

21. At the times that all of the above identified calls were received on his wireless phone Plaintiff was the subscriber to the called number, was the sole person having custody of said phone and paid for the airtime for the called phone number.

22. Plaintiff sent a Notice of Intent to Litigate to the Defendant which was received by it on July 27, 2015 in an effort to mitigate damages and settle all claims prior to litigation. Plaintiff engaged in negotiations for settlement with counsel for Defendant to no avail.

## COUNT I

## VIOLATIONS OF THE TCPA 47 U.S.C. § 227(b)(1)(A)(iii)

23. Plaintiff repeats and re-alleges each and every allegation stated above.

24. Defendant's aforementioned conduct violated the TCPA, 47 U.S.C. § 227.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a. Adjudging that GCS violated the TCPA 47 U.S.C. § 227.

   b. Awarding Plaintiff statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B)(C) of $500 for the first call and $1500 for each call thereafter made to Plaintiff's wireless phone as knowing and/or willful violations;

   c. Awarding Plaintiff any fees and costs incurred in this action;

   d. Awarding Plaintiff any post-judgment interest as may be allowed under the law;

   e. Awarding such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully Submitted,

_____
David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642